Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
　ppeluso@woodrowpeluso.com
Steven L. Woodrow*
　swoodrow@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be sought

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Loretta Williams,** individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| **What If Holdings, LLC** d/b/a **C4R Media Corp.**, and **ActiveProspect, Inc.** | **JURY TRIAL DEMANDED** |
| Defendants. | |

1. Plaintiff Loretta Williams ("Plaintiff" or "Williams") brings this Class Action Complaint and Jury Demand ("Complaint") against Defendants What If Holdings, LLC d/b/a C4R Media Corp. ("C4R Media") and ActiveProspect, Inc. ("ActiveProspect") to obtain redress for, and to put an end to, Defendants' serial wiretapping of the electronic communications of visitors to C4R Media's websites, including claim.foundmoneyguide.com.

2. The wiretaps are embedded in the computer code on C4R Media's websites and are used by Defendants to covertly observe and record visitors' keystrokes and clicks in real time.

**CLASS ACTION COMPLAINT**　　　　　- 1 -

3. Such actions violated the California Invasion of Privacy Act, Cal. Penal Code 631 ("CIPA"), and invaded Plaintiff's and class members' privacy rights.

4. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

5. Defendant ActiveProspect offers a product to lead generators and telemarketers known as "TrustedForm". This product is designed to allow these lead generators and telemarketers to attempt compliance with the federal Telephone Consumer Protection Act by documenting alleged evidence of prior express consent to receive telemarketing calls provided on websites.

6. One feature of ActiveProspect's "TrustedForm" product is a "video replay" function, which records, in real time, a person's interaction with a website that is using TrustedForm.

7. As one of ActiveProspect's "Knowledge Managers" puts it on ActiveProspect's website,

> When the TrustedForm script is loaded on a page, the HTML (technically the DOM) is collected and stored, as well as all the "event data" such as mouse movements and clicks, and key presses, as well as changes to the DOM right up to the point the user leaves the page, which is typically upon submitting the form. Whatever the user does on the page is captured, including changes and corrections to the information entered in the form.
>
> The TrustedForm certificate generated by the script includes all of this event data, which can be replayed exactly as it happened on top of the original DOM. This is the most authentic record possible of the end users' interaction with the form. It is not a re-creation in that we make no assumptions or estimates as to what happened on the page. We play back the events exactly as they occurred.

htttps://community.activeprospect.com/questions/4180654 (last visited June 1, 2022).

8. Said another way, TrustedForm "captures a copy of the web page viewed by the visitor and the user events that took place on the page including form inputs, mouse movements and clicks. It plays these events back as a screen capture of how the user interacted with the page."

CLASS ACTION COMPLAINT - 2 -

1  *See* "Certificate of Authenticity for Web Leads," attached hereto as Exhibit A.

2        9.      ActiveProspect enters into partnerships with various telemarketers and lead
3  generators who wish to utilize TrustedForm. ActiveProspect then provides its software and scripts
4  to those partners.

5        10.      One such entity is C4R Media, which uses TrustedForm on its website
6  claim.foundmoneyguide.com and other websites that it operates.

7        11.      C4R Media knows that TrustedForm captures strokes, clicks, and other interactions
8  on its websites—it is a primary reason why C4R Media contracts with ActiveProspect for the
9  TrustedForm product in the first place.

10        12.      Pursuant to their agreement with each other, C4R Media installed TrustedForm by
11  embedding ActiveProspect's code onto click.foundmoneyguide.com and, on information and
12  belief, many of C4R Media's other lead generation websites.

13        13.      Unfortunately for Defendants, their conduct constitutes wiretapping under
14  California law because Defendants do not secure prior express consent before recording their
15  movements on the websites.

16        14.      As a result of Defendants' violations of the CIPA, Plaintiff Williams and the
17  members of the Class were deprived of their privacy rights guaranteed to them by California law,
18  and they are thus entitled to injunctive relief and statutory damages in the amount of $5,000 for
19  each violation. *See* Cal. Penal Code § 637.2.

## PARTIES

21        15.      Plaintiff Williams is a natural person and citizen of the State of California.

22        16.      Defendant C4R Media is a limited liability company with its principal place of
23  business located in Fort Lee, New Jersey.

24        17.      Defendant ActiveProspect is a Nevada corporation with its principal places of
25  business located in Austin, Texas.

## JURISDICTION AND VENUE

27        18.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28
28  U.S.C. § 1332(d), *et seq.* ("CAFA"), because the class consists of over 100 people, at least one

member of each class is from a State other than the state of the Defendants, and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

19. This Court has personal jurisdiction over Defendants because they conduct substantial business in this District, the unlawful conduct alleged in the Complaint occurred in and/or were directed to this District, and Plaintiffs' claims arise out of each Defendants' forum-related activities.

20. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## FACTS SPECIFIC TO PLAINTIFF

21. On or around December 24, 2021, Williams visited claim.foundmoneyguide.com/api/offer, a website owned and operated by C4R Media.

22. During that visit, the TrustedForm replay function created a video that captured Williams' keystrokes and clicks on the website. It also captured the date and time of the visit, the browser and operating system used by Williams during the visit, and her geographic location.

23. TrustedForm also recorded Williams' name, address, date of birth, and phone number.

24. A screenshot of the TrustedForm related to Williams's visit is below:



CLASS ACTION COMPLAINT  - 4 -

25. As the screenshot of the TrustedForm replay shows, Williams' personal information is included on the page. But at this point in the video, the "I CONFIRM" button is not clicked. However, approximately 3 seconds into the video, Williams' cursor appears and clicks "I CONFIRM":



26. Then one additional second later, the cursor moves over to the green "CLAIM YOUR CASH!" button:



27. Thus, Williams' interaction (including her keystrokes and mouse movement and clicks) was recorded by C4R Media and ActiveProspect using ActiveProspect's TrustedForm technology.

28. This recording was done without Plaintiff's consent. Defendants did not inform website visitors that their strokes and clicks would be recorded, much less secure prior express consent. Indeed, the wiretapping began the moment Williams and other members of the alleged Class visited the webpage.

29. All TrustedForm videos are hosted on ActiveProspect's servers, and to access the videos one must follow a hyperlink provided by ActiveProspect. Moreover, ActiveProspect independently collects and stores information provided by web users on the websites of its clients.

30. Members of the alleged Class were unlawfully monitored in the same way as Williams' was: TrustedForm functions the exact same way no matter which persons is visiting a site, or which of C4R's websites the person is visiting.

31. For wiretapping her visit to C4R's visit, Plaintiff brings this suit, on behalf of herself and those similarly situated, to put an end to Defendants' repeated and widespread CIPA violations. Such violations entitle her, and other similarly situated persons, to injunctive relief plus statutory damages of $5,000 per violation.

**CLASS ACTION ALLEGATIONS**

32. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure Rules 23(b)(2) and 23(b)(3) on behalf of herself and a Class defined as follows:

> All persons in California who: (1) from a date one year prior to the filing of the initial complaint in this action to the date notice is sent to the Class; (2) visited one of C4R Media's websites; (3) which utilized ActiveProspect's "TrustedForm" software; (4) who had their electronic communications intercepted and/or recorded by ActiveProspect; and (5) where the Defendants claim to have secured prior express consent to monitor, record, collect, and store electronic communications in the same manner as they claim to have secured prior express consent from Williams, or where Defendants do not claim they secured any such prior express consent.

33. Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a

controlling interest, and those entities' officers and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) Plaintiff's counsel and Defendants' counsel; (4) persons who execute and file a timely request for exclusion, (5) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (6) the legal representatives, successors, and assigns of any such excluded person. Plaintiff anticipates the need to amend the class definition following a reasonable period for discovery regarding the contours of the Class.

34. **Numerosity:** The exact number of class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants wiretapped thousands of California residents. Further, the class members can readily be ascertained through Defendants' records.

35. **Commonality:** Common questions of law and fact exist as to all members of the Class for which this proceeding will provide common answers in a single stroke based upon common evidence, including:

(a) Whether Defendants' conduct described herein violated the CIPA;

(b) Whether Defendants secured prior express consent before monitoring, recording, collecting, and storing the electronic communications of Plaintiff and the Class;

(c) Whether Defendants have violated the California Constitution; and

(d) The proper measure of damages.

36. **Typicality:** As a result of Defendants' uniform and repeated pattern of unlawful recording, Plaintiff and the class members suffered the same injury and similar damages. If Defendants' actions violated the CIPA as to Plaintiff, then they violated the CIPA as to all class members. Thus, Plaintiff's claims are typical of the claims of the other class members.

37. **Adequate Representation:** Plaintiff is a member of the Class and both she and her counsel will fairly and adequately represent and protect the interests of the Class, as neither has interests adverse to those of the class members and Defendants have no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and her counsel are committed to vigorously

prosecuting this action on behalf of the members of the Class, and they have the financial resources to do so.

38.     **Conduct Applicable Towards Class as a Whole:** Defendants acted consistently with respect to every member of the Class. No Class Member was treated specially or different as Defendants acted in the same manner with respect to all Class Members. As such, injunctive relief and corresponding declaratory relief are available and appropriate.

39.     **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given class member's situation, the answer to whether Defendants' conduct described herein repeatedly violated the CIPA is the same for everyone—a resounding "yes"—and the same will be proven using common evidence.

40.     **Superiority and Manageability:** A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to the individual class members will likely be small relative to the cost associated with prosecuting an action. Thus, the expense of litigating an individual action will likely prohibit the class members from obtaining effective relief for Defendants' misconduct. In addition, there are numerous common factual and legal questions that could result in inconsistent verdicts should there be several successive trials. In contrast, a class action will present far fewer management difficulties, as it will increase efficiency and decrease expense. Further, class-wide adjudication will also ensure a uniform decision for the class members.

**FIRST CAUSE OF ACTION**
**Violation of Cal. Penal Code § 631, *et seq.***
**(On Behalf of Plaintiff and the Class)**

41.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42.     The CIPA provides that it is a violation of Cal. Penal Code § 631(a) for a defendant, "by means of any machine, instrument, contrivance, or in any other matter," to do any of the following:

Intentionally tap[], or make[] any unauthorized connection, whether physically,

CLASS ACTION COMPLAINT                              - 8 -

electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,

Or

Willfully and without the consent of all parties to the communication, or in any unauthorized manner, read[] or attempt[] to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,

Or

Use[], or attempt[] to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

Or

Aid[], agree[] with, employ[], or conspire[] with any person or persons to unlawfully do, or permit or cause to be done any of the acts or things mentioned above in this section.

43. Section 631(a) is not limited to phone lines. *See Matera v. Google Inc.*, 2016 WL 8200619, at *21(N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook, Inc. Internet Tracking Litigation*, --- F.3d --- 2020 WL 1807978 (9th Cir. Apr. 9, 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

44. TrustedForm is a "machine, instrument, contrivance, or . . . any other manner" that is used by ActiveProspect and C4R Media to engage in the unlawful practices described in this Complaint.

45. By using TrustedForm, Defendants intentionally tapped the lines of communication between Plaintiff (and absent Class Members) and C4R Media's websites.

46. Defendants lack prior express consent from Plaintiff and the Class for Defendants to "read or attempt to read or learn the contents or meaning" of their electronic communications being

made in the State of California.

47. C4R Media partnered with (and conspired with) ActiveProspect to achieve the unlawful conduct described herein.

48. This violation of Section 631(a) is an invasion of privacy and confers Article III standing.

49. Absent an injunction, Plaintiff and the members of the Alleged Class are at risk of continued harm. TrustedForm is used by many website operators and there is no practical way to know if the future whether website communications will be monitored and recorded by Defendants, absent ceasing to utilize the internet (a near impossibility in the year 2022).

50. Accordingly, pursuant to Cal. Penal Code § 637.2(a)(1), Plaintiff and the Class seek injunctive relief and statutory damages in the amount of $5,000 per violation.

**SECOND CAUSE OF ACTION**
**Violation of California's Unfair Competition Law, Cal. Bus. Prof. Code Section 17200 *et seq.* ("UCL")**
**(On Behalf of Plaintiff and the Class)**

51. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

52. Defendants' conduct set forth above is unlawful and in violation of the TCPA and its implementing regulations. As such, Defendant has violated the Unfair Competition Law's "unlawful" prong with respect to the California Class members.

53. Defendants' conduct violated Cal. Penal Code § 631 and thus violated the UCL's unlawful prong.

54. Defendants' conduct also invaded the privacy of the Plaintiff and the Class Members and was therefore unlawful and unfair.

55. Defendants should be enjoined from making such additional invasions of privacy.

56. Defendants should also be ordered to secure prior express consent before any further wiretapping of electronic communication.

57. Defendants should also be required to pay reasonable costs and attorneys' fees.

### THIRD CAUSE OF ACTION
### Invasion of Privacy Under California's Constitution
### (On Behalf of Plaintiff and the Class)

58. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

59. Plaintiff and other members of the Class have an interest in conducting personal activities (such as visiting websites), without observation or interference, including visiting websites without being subjected to secret wiretaps.

60. Defendants intentionally invaded the privacy rights of Plaintiff and other members of the Class, and worked cooperatively to do so.

61. This invasion of privacy is serious in nature and scope and constitutes a breach of the social norms in the digital age.

62. Thus, Plaintiff seeks all relief available for invasion of privacy under the California Constitution on behalf of herself and members of the alleged Class.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that this Court issue an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Williams as class representative and appointing her counsel as class counsel;

B. Finding that Defendants' actions constitute repeated and willful violations of the CIPA;

C. Awarding injunctive relief under the CIPA enjoining Defendants from continuing to violate the CIPA by unlawfully wiretapping electronic communication without consent;

D. Awarding damages, including statutory damages where applicable, to Plaintiff and the Class in amounts to be determined at trial;

E. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F.  Awarding Plaintiff and the Class pre- and post- judgment interest, to the extent allowable; and

G.  Such further and other relief as the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: June 27, 2022

**LORETTA WILLIAMS**, individually and on behalf of all others similarly situated,

By:  /s/ Rebecca Davis
One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be sought

*Counsel for Plaintiff and the Class*