Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be sought

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Loretta Williams,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**What If Holdings, LLC** d/b/a **C4R Media Corp.**, and **ActiveProspect, Inc.**<br><br>Defendants. | Case No. 3:22-cv-03780-WHA<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Hearing: February 9, 2022<br>Time: 8:00 AM<br>Location: Courtroom 12 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 9, 2022, at 8:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 12 of the United States District Court for the Northern District of California, before the Honorable William Alsup, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Plaintiff Loretta Williams ("Plaintiff" or "Williams") will and hereby does move this Court, pursuant to Federal Rule of Civil Procedure 15(a)(2) and the Court's Order of December 22, 2022 (dkt. 49), for an Order granting leave to file Plaintiff's Proposed First Amended Complaint, attached and filed with the present motion.

In filing this motion, Plaintiff seeks leave to amend her Complaint to address and cure the deficiencies identified in the Court's order granting Defendants What If Holdings, LLC's and ActiveProspect, Inc.'s (collectively "Defendants") motions to dismiss. (Dkt. 49.) The Motion is based on this Notice of Motion and Motion, the accompanying Proposed First Amended Complaint and its supporting exhibits, and any arguments and authorities as may be presented at or before the hearing. In support of her motion, Plaintiff states as follows:

On December 22, 2022, the Court granted Defendants' motions to dismiss as to all of Plaintiff's claims. (Dkt. 49.) The Court found that: (1) Williams' wiretapping claim failed because "the facts as pled show that TrustedForm functioned as a recorder, and not as an eavesdropper" (*id.* at 6); (2) Williams' unfair competition claim failed because, as Plaintiff concedes, she did not experience a loss of money or property (*id.* at 7); and (3) Williams' California Constitution claim failed because "plaintiff did not plausibly plead wiretapping" and thus did not plead a protected privacy interest. (*Id.* at 7–8.) While Plaintiff's claim for unfair competition was dismissed without leave to amend, the Court ordered that Williams could otherwise "seek leave to amend" by filing a proposed amended complaint and a motion "explain[ing] how the amendments to the complaint cure the deficiencies" identified in the dismissal. (*Id.* at 8.) Accordingly, Plaintiff hereby files the instant motion, along with the attached Proposed First Amended Complaint, to cure the deficiencies identified by the Court.

As explained below, the Court should grant leave to amend. The proposed First Amended Complaint sets forth facts detailing ActiveProspect's continuous role as a verification server that

1  collects, processes, and ultimately produces recording data to independent parties—a role far more
2  akin to that of an eavesdropper than a simple recording device or software. As a result, and as
3  explained further below, Plaintiff's proposed First Amended Complaint cures the deficiencies
4  identified the Court, and Plaintiff should be granted leave to amend.

## II. ARGUMENT

Under Federal Rule 15, leave to amend pleadings "shall be freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed. 222 (1962) ("[Rule 15(a)(2)'s] mandate is to be heeded.") "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id*. Indeed, among the factors that may justify denial of leave to amend are "undue delay, bad faith, and futility." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (quoting *Forman*, 371 U.S. at 182). As explained below, there has been no undue delay or bad faith on Plaintiff's part, amending wouldn't be futile, and Defendants will not suffer any prejudice at all. The Court should grant leave to amend accordingly.

### A. There Has Been No Undue Delay Or Bad Faith—Williams Seeks Leave To Amend Before The First Set Of Discovery—And The Amendments Are Meant To Address Pleading Errors Identified By The Court.

Williams has not delayed or acted in bad faith in moving for leave to amend. Rather, Plaintiff files the instant motion just weeks after the Court granted Defendants' Motion to Dismiss, within the timeframe the Court provided in its Order. This can hardly be called undue delay or bad faith. Indeed, the purpose of the proposed amendments aren't to delay the case at all; rather, the amendments are necessary to ensure that Williams can correct the pleading issues the Court identified. As such, the Court should refuse to find any undue delay or bad faith here.

### B. The Proposed Amended Complaint Is Hardly Futile—The Amendments Fix Errors That The Court Identified In Dismissing The Claims Of The Initial Complaint.

The proposed amendments are hardly futile. First, the proposed Amended Complaint removes Williams' claim for relief under the California Unfair Competition Law, which the Court

dismissed without leave to amend. Second, Plaintiff provides additional factual support and greater details regarding ActiveProspect's TrustedForm system—specifically how it more closely resembles an eavesdropper than simply a device used to record a conversation. (*See* Proposed First Amended Complaint at ¶ 9–13, 32–33.) Plaintiff's proposed amended complaint also includes allegations regarding the language of ActiveProspect's patent, which details the company's continued involvement as an aggregator and host of the recordings. (*Id.* ¶¶ 10–11.) Plaintiff also includes allegations related to statements made by ActiveProspect's CEO regarding the company's monitoring efforts and presence during the recording of communications. (*Id.* ¶ 9.) In doing so, Plaintiff has plausibly alleged wiretapping in violation of the California Invasion of Privacy Act ("CIPA"), and a violation of the California Constitution (which was similarly dismissed for failure to allege wiretapping).

Plaintiff's CIPA claim is based on the second and fourth clauses of the wiretapping prohibition, specifically for "reading or attempting to read or learn the contents" of a communication in transit between two parties and for aiding or conspiring with another party to do so. (*See* Dkt. 1 at ¶ 42–47); CAL. PENAL CODE § 631(a). Use of the information constitutes a separate violation of CIPA, and Plaintiff does not allege such use for the purposes of stating a claim under the third clause. (*Id.*) Nevertheless, in dismissing the original claims, the Court reasoned that Plaintiff lacked allegations to suggest that ActiveProspect "affirmatively engages with that data in any way." (Dkt. 49 at 6.) The Court also noted a "key distinction" from other cases based on "whether or not the alleged third-party software provider aggregates or otherwise processes the recorded information." (*Id.* at 5.) Plaintiff's additional factual allegations squarely address these supposed pleading defects. As such, Plaintiff's proposed amendments aren't futile and leave should be granted.

### C. Finally, Defendants Will Suffer No Prejudice At All—The Amendments Do Not Materially Alter The Claims Or Allegations Set Forth In The Original Complaint, With Which Defendants Are Already Familiar.

The Court will consider an amendment unduly prejudicial to the nonmoving party if it "brings in entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint . . . ." *Jacobs v. Xerox Corp. Long*

*Term Disability Income Plan*, 520 F. Supp. 2d 1022, 1046 (N.D. Ill. 2007) (quoting *In re Ameritech Corp. v. Computer Systems Solutions, Inc.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999)); see also *Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 960 (N.D. Ill. 2013) (holding that amendments may be prejudicial when they force parties to re-litigate settled issues, incur additional discovery costs, or if they would render a party's litigation preparation wasted).

Defendants will not suffer any prejudice here. First, the amendments do not add any new parties or claims, nor do they change the allegations underlying Plaintiff's original claims. Rather, Plaintiffs seek leave merely to provide additional details and factual support in light of the Court's Order.

Second, and related, the amendments will not increase discovery costs or render Defendants' litigation preparation useless. In this respect it should be remembered that this case is still in its relative infancy. No depositions have been taken. Indeed, no discovery has been taken at all. Defendants simply aren't prejudiced by an amendment here.

### III.     CONCLUSION

Plaintiff Williams respectfully requests that the Court enter an Order granting her leave to file the proposed FAC.

WHEREFORE, Plaintiff respectfully requests that the Court grant her leave to file the proposed FAC attached hereto as Ex. A, and to grant such other relief as the Court deems necessary, reasonable, and just.

\*           \*           \*           \*           \*

Respectfully submitted,

Dated: January 5, 2023

**LORETTA WILLIAMS**, individually and on behalf of all others similarly situated,

By:   */s/ Patrick H. Peluso*
One of Plaintiff's Attorneys

Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**

1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on January 5, 2023.

                                                                                     */s/ Patrick H. Peluso*