UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORETTA WILLIAMS,

    Plaintiff,

v.

WHAT IF HOLDINGS, LLC, and ACTIVEPROSPECT, INC.,

    Defendants.

No. C 22-03780 WHA

**ORDER DENYING LEAVE TO AMEND AND VACATING HEARING**

In this putative class action alleging wiretapping via recording software deployed on certain webpages, plaintiff moves for leave to file a first amended complaint. For the following reasons, plaintiff's motion is **DENIED**.

The facts herein are described in our previous order (Dkt. No. 49). In sum, plaintiff visited defendant What If Holdings, LLC's website, which utilized software made by defendant ActiveProspect, Inc. called "TrustedForm." TrustedForm creates video replays of a website visitor's interactions with the webpage on which it is deployed, as it did for plaintiff's interaction with certain pages on What If's website. Plaintiff's original complaint asserted that this recordation violated the wiretapping provision of the California Invasion of Privacy Act (CIPA), California's Unfair Competition Law, and plaintiff's right to privacy under the California Constitution. Our prior order granted defendants' motions to dismiss all claims, finding that the facts as alleged indicate that TrustedForm in this instance functions more as a recording device and less as a third-party eavesdropper.

Plaintiff now moves for leave to file a first amended class action complaint, retaining the claims under CIPA and the California Constitution. This order follows full briefing and finds the motion suitable for disposition on the papers under Civil Local Rule 7-1(b).

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given when justice so requires. Nevertheless, leave is not granted automatically: "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Amendment is futile "[i]f no amendment would allow the complaint to withstand dismissal as a matter of law." *Id.* (citing *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)).

Plaintiff's proposed amendments do not move the needle. The substantive amendments provide additional descriptive context for TrustedForm, specifically by quoting: (1) statements by ActiveProspect's CEO from a podcast; (2) language from ActiveProspect's patent related to TrustedForm; and (3) an article discussing the privacy threat posed by website recordation software (Proposed First Am. Compl. ¶¶ 9–12). What is *not* explained in plaintiff's proposed amendments is how these details connect to plaintiff's interaction with the What If website, the basis for our action. The quoted patent language describes in technical terms how interactions are recorded and how those recordings are retrieved. That comports with our prior order's finding that TrustedForm, as it was deployed here, functions as a recording device. The CEO's statements describe ActiveProspect as "an independent third party," but this has no bearing on our prior order's conclusion that ActiveProspect is not acting as a third party for purposes of a CIPA wiretapping claim under Section 631(a), given the facts alleged here. Likewise, the article warning against threats to privacy is irrelevant unless it contains factual averments manifesting the violations claimed in the complaint. Critically, the proposed amendments add no additional facts regarding the actual alleged violations.

Plaintiff also filed a notice of supplemental authority consisting of Judge Charles R. Breyer's order in a separate action involving TrustedForm, *Javier v. Assurance IQ, LLC*, No. 3:20-cv-02860-CRB (N.D. Cal. Jan. 5, 2023). *Javier* contained different factual allegations

which are inapplicable here. Moreover, plaintiff cites that decision for the proposition that "the question as to whether a plaintiff must allege some use of the recorded data to maintain a CIPA claim under the second prong of the statute is unresolved at best" (Reply 4). But that proposition puts the cart before the horse. Our prior order did not find that use of recorded data *must* be alleged, but rather that the *lack* of any allegations beyond mere recordation — with use being one such example — therefore means TrustedForm as described in our complaint functioned as a recorder, not an eavesdropper. Plaintiff's proposed amended complaint suffers the same flaw. This order thus finds the amendment futile.

For the foregoing reasons, plaintiff's motion for leave to file a first amended class action complaint is **DENIED**. The hearing for this motion on February 16, 2023, is hereby **VACATED**. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

Dated: February 13, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE